## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **BENOIT BROOKENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1612 (ESH) |
| ) | |
| **HILDA L. SOLIS, Secretary,** ) | |
| **United States Department of Labor,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION

Plaintiff Benoit Brookens filed suit against the Secretary of the United States Department of Labor for race and age discrimination and retaliation under Title VII, 42 U.S.C. § 2000e *et seq.*, and under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*[1] In a Memorandum Opinion issued on May 21, 2009, the Court granted defendant's motion to dismiss or, in the alternative, for summary judgment and denied plaintiff's motion to stay. *See Brookens v. Solis*, No. 08-1612, 2009 U.S. Dist. LEXIS 45352 (D.D.C. May 21, 2009) ("*Brookens II*").

---

[1] Plaintiff also brought suit under 42 U.S.C. § 1981. The Court rejected this claim because federal employees such as plaintiff may not bring an employment discrimination claim pursuant to § 1981. *See Brookens*, 2009 U.S. Dist. LEXIS 45352, at *2 n.2 (citing *Robinson v. Chao*, No. 05-5445, 2006 U.S. App. LEXIS 12550, at *8 (D.C. Cir. May 2, 2006) and *Prince v. Rice*, 453 F. Supp. 2d 14, 25-27 (D.D.C. 2006)). Brookens challenges this action, citing *City of Milwaukee v. Saxbe*, 546 F.2d 693 (7th Cir. 1976), a decision which precedes the 1991 amendments to § 1981. The *Saxbe* decision, however, is inconsistent with precedent in this circuit. Moreover, "since Congress amended the statute, the weight of judicial authority[, including the Seventh Circuit,] has held that § 1981 does not protect against alleged discrimination under color of federal law." *Davis-Warren Auctioneers, J.V. v. FDIC*, 215 F.3d 1159, 1161 (10th Cir. 2000) (citing, *inter alia*, *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 725-26) (7th Cir. 2000)).

Plaintiff has now moved, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's judgment. For the reasons stated herein, the Court will deny the motion.

## DISCUSSION

As an initial matter, the Court notes that defendant opposes plaintiff's motion solely on the basis that it is untimely. Pursuant to Rule 59(e), a motion to alter or amend judgment "must be filed no later than 10 days after the entry of the judgment." This court has no power to extend this filing period. *Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C. Cir. 1986); *see also* Fed. R. Civ. P. 6(b)(2) (noting that "[a] court must not extend the time to act" under Rule 59(e) except as the rule allows). In computing the 10-day deadline, weekends and legal holidays are excluded. *See* Fed. R. Civ. P. 6(a)(2). In this case, the Court's judgment was entered on May 21, 2009. Thus, plaintiff was required to file his motion no later than June 5, 2009. However, plaintiff's motion was not filed until June 10, 2009. Accordingly, the motion is untimely and must be denied.

In his reply, however, plaintiff requests that should his Rule 59(e) motion fail, the Court treat it as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).[2] While the Court has authority to do as plaintiff requests, *see Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996), plaintiff has failed to establish any grounds

---

[2]   Defendant filed his notice of appeal of the Court's judgment on July 16, 2009, after having filed the instant motion. Although a district court does not have jurisdiction to grant relief from a judgment pursuant to Rule 60(b) while a case is pending on appeal, the court may consider the motion for such relief and deny it without remand from the appellate court. *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted.").

for relief under Rule 60(b).³  Because plaintiff appears to base his motion on alleged errors of law in the Court's prior opinion, the subsections of Rule 60(b) that are arguably applicable in this case are subsection (b)(1), which permits relief from a judgment on the ground of mistake, and subsection (b)(6), the catch-all provision, which gives the district court broad latitude to relieve a party from a judgment for "any other reason justifying relief" beyond those specified in the other subsections of the rule.  However, even assuming that an error in legal reasoning may be corrected by a Rule 60(b)(1) motion, *see Computer Prof'ls*, 72 F.3d at 903 (declining to decide the issue), plaintiff has not shown that the court committed any error, let alone an obvious one. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 & nn.7-8 (5th Cir. 1998) (Rule 60(b) relief not warranted where legal question is arguable rather than an obvious error of law). Moreover, the D.C. Circuit has held that relief under Rule 60(b)(6) should be granted only in "extraordinary circumstances," *Computer Prof'ls*, 72 F.3d at 903, such as "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . ." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  That is simply not the case here.

---

3    Pursuant to Rule 60(b), a court may relieve a party from a final judgment upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiff alleges that the Court erroneously (1) required him to establish a *prima facie* case in his complaint and weighed the evidence regarding his claims of denial of details and desk audits (*see* Pl.'s Mot. to Alter or Amend at 2-4); (2) used the administrative record of his appeal to the Merit Systems Protection Board ("MSPB") to decide the case rather than granting *de novo* consideration of his claims (*id.* at 4-6); (3) found that there were no genuine issues of material fact in dispute (*id.* at 6-9); (4) failed to address plaintiff's right to discovery (*id.* at 8); and (5) referenced information outside the record regarding plaintiff's prior lawsuits (*id.* at 10). None of these arguments have merit.

With respect to plaintiff's first argument, the Court notes that it held as a matter of law that denials of desk audits and details do not constitute adverse employment actions and, even if they did, defendant would be entitled to summary judgment with respect to the denial of plaintiff's detail and December 2007 desk audit requests because plaintiff had failed to rebut defendant's legitimate reasons for the denials. *See Brookens II*, 2009 U.S. Dist. LEXIS 45352, at *18-*21. In so holding, the Court applied well-settled law regarding motions to dismiss and for summary judgment, and plaintiff has not demonstrated any error.[4]

Plaintiff's complaint regarding the Court's consideration of the administrative record before the MSPB fails because such consideration is permissible. While, as plaintiff contends,

---

[4] Plaintiff's contention that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), is inapplicable to discrimination cases, is simply wrong. *See, e.g., Hayes v. Chao*, 541 F. Supp. 2d 387, 389-90 (D.D.C. 2008) (applying *Twombly* standards in Title VII case); *Walker v. Johnson*, 501 F. Supp. 2d 156, 166-67 (D.D.C. 2007) (same); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009) (applying *Twombly* to plaintiff's *Bivens* claims of unconstitutional discrimination). Moreover, the Court's findings that neither the requested details nor desk audits would have qualified plaintiff for the position he sought nor could the desk audit requests have impacted plaintiff's consideration for positions in the vacancy announcements, *see Brookens II*, 2009 U.S. Dist. LEXIS 45352, at *20-*21 n.10, did not involve impermissible weighing of the

4

federal employees are entitled to *de novo* review of their employment discrimination claims, *Chandler v. Roudebush*, 425 U.S. 840, 864 (1976), "[t]his does not mean that the administrative record . . . is to be disregarded, nor does it foreclose the possibility of summary judgment. On the contrary, the district court may consider the administrative record as evidence to be accorded whatever weight the court deems appropriate." *Weahkee v. Perry*, 587 F.2d 1256, 1263 (D.C. Cir. 1978). In this case, the Court gave no deference to agency conclusions but merely considered all the record evidence before it in order to made a "fresh determination of the facts and issues." *Id.*

Plaintiff also fails to demonstrate any error in the Court's determination that there existed no genuine issue as to any material fact. Plaintiff points to the following facts that he claims raise disputed issues: (1) a Certificate of Eligibles pursuant to which he was deemed eligible in July 2004 for a GS-14 position as a policy analyst with another federal agency and (2) the selection of Anne Zollner and promotion of Timothy Wedding to higher level positions in the Bureau of International Labor Affairs ("ILAB"). (*See* Pl.'s Mot. to Alter or Amend at 6-7.) Second, he repeats his argument that defendant's stated reason for denying his within-grade increase ("WGI") in pay was false. (*Id.* at 7-8.) Finally, plaintiff repeats a number of other allegations regarding alleged discrimination and retaliation by ILAB that he previously asserted would be proven through discovery and that he now claims are disputed issues of material fact. (*Id.* at 9; *see also* Affidavit of Benoit Brookens in Support of Motion to Stay and Discovery ¶¶ 6-14.)

---

evidence. Rather, these determinations were based on undisputed evidence regarding the timing of the events at issue.

Plaintiff, however, fails to cite any reason to disturb the Court's earlier findings. First, a finding by a *different* federal agency that plaintiff was eligible for a *different* position at the GS-14 level than the one at issue in this case and the selection of others who plaintiff does not allege were unqualified to vacancies for which plaintiff never applied are insufficient to raise a genuine issue of material fact as to whether plaintiff was qualified for the Chief of the Trade Policy and Negotiations Division position at issue here or whether defendant discriminated against plaintiff in twice failing to select him for that position.

Similarly, plaintiff offers no reason to disturb the Court's finding that his claims of discrimination and retaliation in the denial of a WGI must be rejected due to his failure to produce evidence to rebut defendant's articulated legitimate, nondiscriminatory reason for the denial. *See Brookens II*, 2009 U.S. Dist. LEXIS 45352, at *29-*33. Nor is plaintiff's reassertion of unsupported allegations from his affidavit in support of his motion for stay and discovery sufficient to raise a genuine issue of material fact. *See id.* at *35-*37. A motion for reconsideration "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (discussing motion to reconsider in analogous context of Rule 59(e)).

Plaintiff's argument that the Court failed to address his right to discovery appears essentially to be a claim that a court may never grant summary judgment to a defendant prior to discovery. However, that is clearly not the case. *See, e.g., Brookens v. Solis*, No. 08-5527, 2009 U.S. App. LEXIS 10048, *1-*2 (D.C. Cir. May 8, 2009) (per curiam) ("*Brookens I*"); *Dunning v. Quander*, 508 F.3d 8, 10-11 (D.C. Cir. 2007) (per curiam); *Strang v. U.S. Arms Control & Disarmament Agency,* 864 F.2d 859, 861 (D.C. Cir. 1989).

Finally, the Court's reference to plaintiff's prior lawsuits did not constitute error. These prior lawsuits are matters of public record of which the Court was permitted to take judicial notice. *Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 606 (D.C. Cir. 1987) ("Courts may take judicial notice of official court records . . . .")

## CONCLUSION

For the foregoing reasons, the Court will deny plaintiff's motion for reconsideration, whether considered under Rule 59(e) or Rule 60(b). A separate Order accompanies this Memorandum Opinion.

```
            /s/
```
ELLEN SEGAL HUVELLE
United States District Judge

Date:   July 22, 2009